**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| RON CONNETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   NO. CIV-05-1019-HE |
| | ) |
| GENUINE AUTO PARTS COMPANY, | ) |
| | ) |
| | ) |
| Defendant. | ) |

**ORDER**

On May 23, 2003, plaintiff fell and injured himself while an invitee on the defendant's business premises. Plaintiff alleges defendant was negligent in failing to maintain its premises in a safe condition because it failed to warn him of a hidden rise which caused him to trip and fall and severely break his arm. He seeks compensatory damages against the defendant as a result of the accident. Defendant has moved for summary judgment arguing the allegedly dangerous condition was open, obvious and known to the plaintiff.[1] [Doc. #18]. Plaintiff has responded in opposition to the motion. Although the question is close, the court concludes defendant's motion should be denied.

In order to prove negligence, plaintiff must demonstrate that the defendant violated

---

[1]*Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When applying this standard, the court "view[s] the evidence and draw[s] all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment." Martin v. Kansas, 190 F.3d 1120, 1129 (10th Cir. 1999), overruled on other grounds by Bd. of Trustees of Univ. of Ala. v. Garrett, 531 U.S. 356 (2001). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Martin, 190 F.3d at 1129.*

a duty of care owed to him and that this violation resulted in his injuries. Teeter v. City of Edmond, 85 P.3d 817, 823 (Okla. 2004) ("Elements to a claim based upon negligence include (1) a duty to the plaintiff, (2) a violation of that duty, and (3) and injury resulting from that violation."). "A business owner owes a duty to its invitees or customers to exercise ordinary care to keep aisles and other parts of the premises used by invitees in transacting business in a reasonably safe condition." Brown v. Wal-Mart Stores, Inc., 11 F.3d 1559, 1563 (10th Cir. 1993) (citing Oklahoma law). However, a business owner has no duty to warn an invitee about "readily apparent and observable" dangers. Id.

In this case, plaintiff has offered evidence which, viewed in the light most favorable to him, is sufficient to raise a material fact issue regarding whether the rise in question was open and obvious or may have been obscured in shadows. In addition, material fact questions remain regarding whether the cause of plaintiff's fall was his alleged inattention and the malfunctioning of his shoe or whether it was the allegedly obscured rise.[2] As such, defendant's motion for summary judgment is **DENIED**.

---

[2]*In support of its motion, defendant cites Gillham v. Lake Country Raceway, 24 P.3d 858 (Okla. 2001), wherein the court concluded on a motion for directed verdict that the plaintiff had failed to present any evidence as to why the plaintiff's son fell on the defendant's premises. Unlike Gillham, plaintiff in this case has presented evidence from which a reasonable jury could conclude that a potentially hidden danger actually existed on the defendant's premises and that such condition caused his injuries.*

**IT IS SO ORDERED**.

Dated this 7th day of August, 2006.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE